**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000085
03-MAY-2012
10:04 AM**

NO. CAAP-11-0000085

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEPHEN CRAMER, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0679(2))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Stephen Cramer, Jr. (Cramer) appeals from the Judgment of Conviction and Sentence filed January 11, 2011 in the Circuit Court of the Second Circuit[1] (circuit court). The circuit court found Cramer guilty of (1) Promoting a Dangerous Drug in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1242(1)(b)(i) (Supp. 2007); (2) Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993); and (3) Promoting a Detrimental Drug in the Third Degree, in violation of HRS § 712-1249(1) (1993).

On appeal, Cramer contends:

(1) The circuit court committed plain, reversible error by denying Cramer's retained counsel's oral motion to substitute

_____

[1]  The Honorable Shackley F. Raffetto presided.

for the deputy public defender and to continue the sentencing hearing for three weeks to adequately prepare for the hearing.

(2) The circuit court abused its discretion by refusing to sentence Cramer as a first-time drug offender under HRS § 706-622.5 (Supp. 2009).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Cramer's points of error as follows:

(1) The circuit court did not err when it denied Cramer's request to substitute counsel and continue the sentencing hearing for three weeks. Cramer contends his state and federal constitutional right to be represented by counsel of his choice was violated. "[T]here is no absolute right, constitutional or otherwise, for an indigent to have the court order a change in court-appointed counsel." State v. Torres, 54 Haw. 502, 504, 510 P.2d 494, 496 (1973). The United States Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar[.]" U.S. v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) (internal citation omitted). "Generally, any request for continuance is to be disposed of in the discretion of the trial judge. A denial of a continuance is not per se a denial of the constitutional right to counsel[.]" Torres, 54 Haw. at 504-05, 510 P.2d at 496.

In our review of the circuit court's decision to deny a continuance, we look to "whether . . . there was an abuse of discretion that prejudiced the defendant by amounting to an unconstitutional denial of the right to[] effective assistance of counsel." Id. at 505, 510 P.2d at 496. And "where a defendant is himself to blame for t[ar]diness of request for new

2

counsel . . . this fact is extremely significant in showing that there was no abuse of discretion in failure to grant a requested continuance." Id. at 507, 510 P.2d at 498.

Here, Cramer was represented by counsel from the public defender's office at the Drug Court termination hearing on August 19, 2010 and the Stipulated Facts trial on November 4, 2010. Not until the sentencing hearing on January 6, 2011 did other counsel make an appearance and request substitution, contingent on the circuit court's willingness to continue the hearing for three weeks. Cramer provided no reason for the request for new counsel and, on appeal, has not argued he was prejudiced by the court's denial of a continuance to accommodate appointment of new counsel. We conclude the circuit court did not abuse its discretion in denying Cramer's oral motion for substitution of counsel and a continuance.

(2) The circuit court did not err in refusing to sentence Cramer under the sentencing statute for first-time drug offenders, HRS § 706-622.5[2]. A person convicted as a first-time drug offender under HRS § 329.43.5 is eligible to be sentenced to probation under HRS § 706-622.5 if the person meets certain criteria, including a determination by the court that the person is nonviolent. HRS § 706-622.5(1)(a).

In the instant case, the circuit court reviewed the family court file that contained an order of protection issued against Cramer. The family court had made a finding "that recent conduct of [Cramer] included placing a family or household member in fear of physical harm which constitutes family violence[.]"

---

[2] HRS § 706-622.5 provides, in relevant part:

[A] person convicted for the first time for any offense under section 329-43.5 . . . is eligible to be sentenced to probation . . . if the person meets the following criteria:

(a) The court has determined that the person is nonviolent after reviewing the person's criminal history, the factual circumstances of the offense for which the person is being sentenced, and any other relevant information[.]

Based on the family court's finding that Cramer had engaged in family violence, the circuit court determined it could not conclude that Cramer was nonviolent as required under HRS § 706-622.5. Because Cramer was not eligible to be sentenced to probation, the circuit court did not err in refusing to sentence Cramer under HRS § 706-622.5.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed January 11, 2011 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 3, 2012.

On the briefs:

Hayden Aluli
for Defendant-Appellant.

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge